IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0306-WJM-NRN

CHARLES BARSON,

    Plaintiff,

v.

C.A.M. SOLAR, INC., a Texas corporation,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE TRIAL

This matter is before the Court on Plaintiff Charles Barson's Motion to Bifurcate Trial ("Motion") (ECF No. 96). For the following reasons, the Motion is denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Barson's April 2017 sale of his solar power company, E Squared Solar, LLC, to Defendant C.A.M. Solar, Inc. ("CAM"), and CAM's alleged breach of the Asset Purchase Agreement ("APA") governing that sale. (ECF No. 1.) Barson alleges that, pursuant to the APA, Barson was to receive a portion of CAM's profits and an equity interest in CAM. (*Id.* at 11–12.) However, CAM terminated Barson's employment on July 28, 2017 and refused to honor the terms of the APA. (*Id.* at 11–13.)

Barson filed his Complaint on January 4, 2018 in Colorado state court. (ECF No. 1 at 6–7.) He brings claims for breach of contract and declaratory judgment, alleging that CAM breached the APA by failing to pay him his salary and the equity and profits

promised.[1]  (*Id.* at 12–13.)  He seeks declaratory judgment concerning his entitlement to CAM equity and assets.  (*Id.* at 12–13.)

CAM removed the action to this Court on February 7, 2018.  (*Id.*)  CAM filed its Answer on February 13, 2018.  (ECF No. 8.)  CAM filed an Amended Answer on January 17, 2019, asserting a counterclaim for declaratory judgment as to the rights and duties of the parties under the APA and seeking the remedy of rescission of the APA.  (ECF No. 48.)

Barson filed his Motion on December 18, 2020, seeking bifurcation of trial proceedings between the parties' declaratory judgment claims and his breach of contract claim.  (ECF No. 96.)  CAM responded on January 8, 2021, and Barson replied on January 13, 2021.  (ECF Nos. 97 & 98.)  This matter is set for a four-day jury trial beginning December 13, 2021.  (ECF No. 105.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides the district court with broad discretion to order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  *See also United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010).  The decision to bifurcate a trial "must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."  *York v. AT&T*, 95 F.3d 948, 957–58 (10th Cir. 1996).  "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable."  *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th

---

[1] Barson also brought a civil theft claim against since-dismissed Defendant Brian Cullen.  (ECF No. 1 at 10; ECF No. 80.)

Cir. 1993). "Regardless of efficiency and separability, . . . bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.*

### III. ANALYSIS

Barson seeks bifurcation of his breach of contract claim from the declaratory judgment claims asserted by both parties. (ECF No. 96 at 3–4.) Specifically, he asks the Court to first conduct a bench proceeding on declaratory judgment of the rights and duties of the parties under the APA, and to determine whether the remedy of rescission is available to CAM. (*Id.* at 3–4.) Barson contends that the resolution of these issues will determine the course of litigation for the remainder of the trial. (*Id.* at 2.) He suggests that bifurcation in this manner "may cut down one or more days of a jury trial." (*Id.* at 6.)

CAM asserts that bifurcation is inappropriate because the issues underlying the declaratory judgment and breach of contract claims are intertwined and should not be tried in piecemeal fashion. (ECF No. 97 at 1–3.) CAM further argues that bifurcation would be inefficient, as the evidence presented would be duplicative and any time saved would be inconsequential. (*Id.* at 4–5.)

Courts have declined to bifurcate trials in contract-based actions where declaratory judgment claims overlap with other claims deriving from the same set of facts. *See Colo. Casualty Ins. Co. v. Infinity Land Corp.*, 2013 WL 5420689, at *2–3 (D. Colo. Sept. 27, 2013) (denying motion to bifurcate declaratory judgment claims from bad faith claims). For example, in *James River Ins. Co. v. Rapid Funding, LLC*, 2008 WL 5378143 (D. Colo. Dec. 23, 2008), the court declined to bifurcate a declaratory judgment claim as to the parties' rights and duties under a contract where case did not

3

"involve multiple, tenuously related counterclaims that would require a platoon of additional witnesses and mountains of additional evidence." 2008 WL 5378143, at *3. The *James River* court further emphasized that bifurcation would not "result in measurable gains in convenience" because the parties' arguments as to the enforceability of the contract largely overlapped. *See id.*

Barson's argument is devoid of any detail about whether the separate phases of trial would require distinct evidence, nor what that evidence would consist of. He merely argues that the unavailability of rescission would prevent the need for evidence of whether CAM returned all assets due to Barson. (*Id.* at 7.) Additionally, CAM asserts defenses which apply to both of Barson's claims, including fraud, misrepresentation, unclean hands, lack of consideration, and lack of mutual assent. (ECF No. 48 at 5–7.) The applicability of CAM's defenses to the validity and enforcement of the APA further favors disposition of all claims in a consolidated trial. *See James River Ins. Co.*, 2008 WL 5378143, at *3.

Finally, as to efficiency, Barson asserts that bifurcation "may" save merely one day of a four-day trial. (ECF No. 96 at 6.) He does not contend that bifurcation would obviate the need for proceedings following the resolution of the parties' declaratory judgment claims, nor that the evidence underlying the declaratory judgment and breach of contract claims is so distinct that it would not be duplicative. (*See generally id.*)

In light of the significant overlap between the claims sought to be separated, and the marginal time Barson speculates may be saved, the Court finds that any benefit of bifurcation is substantially outweighed by the procedural burdens to the Court. Accordingly, the Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Barson's Motion (ECF No. 96) is DENIED.

Dated this 22nd day of June, 2021.

BY THE COURT:

William J. Martínez
United States District Judge